IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK TODD,

      Petitioner,                      No. 2:12-cv-2920 CKD P

      vs.

STATE OF CALIFORNIA, et al.,

      Respondents.                ORDER TO SHOW CAUSE

/

        Petitioner, a non-incarcerated person, has filed an application for writ of habeas corpus pursuant to 42 U.S.C. § 2254 and a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Petitioner has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Petitioner has also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

        Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules") requires the court to make a preliminary review of each petition for writ of

habeas corpus. The court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). "For a federal court to have jurisdiction over a habeas petition filed by a state prisoner, the petitioner must be 'in custody.'" Chaker v. Crogan, 428 F.3d 1215, 1219 (2005) (quoting Zichko v. Idaho, 247 F.3d 1015, 1019 (9th Cir. 2001). The relevant time frame is the time the petition is filed. See Carafas v. LaValle, 391 U.S. 234, 238 (1968); see also Resendiz v. Kovensky, 416 F.3d 952, 956 (9th Cir. 2005) (emphasis added) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam)). A habeas corpus petitioner is "in custody" for the purposes of habeas jurisdiction while he is on probation. See Chaker, 428 F.3d at 1219 (citing United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1470 (9th Cir. 1988).

Here, petitioner's address of record reflects that he is not currently incarcerated, nor was he incarcerated at the time he filed his petition. Thus, the "in custody" jurisdictional requirement of section 2254 is satisfied only if petitioner was serving a term of probation on December 3, 2012, when he filed his petition. Petitioner shall show cause why his petition should not be dismissed for lack of jurisdiction by responding to this order stating whether he was on probation for the challenged judgment of conviction on December 3, 2012.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Dkt. No. 3) is GRANTED;

2. Petitioner's motion for appointment of counsel (Dkt. No. 2) is DENIED at this time without prejudice to a renewal of the motion at a later stage of the proceedings; and

3. To avoid dismissal of his petition, within 30 days, petitioner shall show cause why his petition for writ of habeas corpus should not be dismissed for lack of jurisdiction by responding to this order stating whether he was on probation for the challenged judgment of

\\\\\

\\\\\

conviction when he filed his petition on December 3, 2012.  Petitioner is cautioned that failure to respond may be considered a basis for dismissal of the petition pursuant to Local Rule 110.

Dated: March 6, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
todd2920.110.showcause